# In the United States Court of Federal Claims

No. 02-1220 C
(E-Filed: December 19, 2003)

NAVAJO REFINING COMPANY, L.P.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ORDER

Before the court is the parties' Status Report. Plaintiffs propose that a one-year period of discovery begin immediately to be followed by a six-month period of time within which to exchange expert witness reports, conduct expert witness depositions and submit responsive expert witness reports. Following discovery and the exchange of expert witness reports, plaintiffs propose a status conference with the court to address further proceedings. Defendant proposes that no discovery commence until the Federal Circuit has ruled upon the interlocutory appeals filed in similar cases, Hermes v. United States, No. 02-1460 C (Fed. Cl. November 3, 2003) and Tesoro v. United States, No. 02-704 C (Fed. Cl. October 30, 2003). Defendant reasons, in effect, that a stay is appropriate in this case pending those interlocutory appeals because the applicability of the waiver doctrine is among the issues certified for interlocutory appeal and may be determined to be a complete defense to plaintiffs' claims in this case. The court notes that Barrett Refining Corp. v. United States, 242 F.3d 1055 (Fed. Cir. 2001), a case based on law and facts substantially similar to the law and facts in this case, was decided by the Court of Appeals for the Federal Circuit. That case allowed the plaintiffs a recovery. The relevance of that case to the matters on appeal is disputed.

The court believes that the decision whether or not a stay in these circumstances is within the discretion of the court. See 28 U.S.C. § 1292(d)(3) ("Neither the application for nor the granting of an [interlocutory] appeal under this subsection shall stay proceedings . . . in the Court of Federal Claims . . . unless a stay is ordered by a judge . . . of the Court of Federal Claims."); Vereda, Ltda. v. United States, 46 Fed. Cl. 569, 571 (2000) (construing

28 U.S.C. § 1292(d)(3) to "confer[] discretion to impose stays") .

The court notes that the Rules of the Court of Federal Claims (RCFC) are to be "construed and administered to secure the just, speedy, and inexpensive determination of every action." RCFC 1. The goals of "speedy" and "inexpensive" determination are in tension here. If discovery proceeds and the Federal Circuit rules in favor of the government's waiver argument and the decision were applicable to the facts of this case, some expense would be needlessly made.

On the other hand, if the case is stayed, and the Federal Circuit does not rule in favor of defendant's waiver argument or the Federal Circuit's decision is inapplicable to the facts of this case, delay would certainly occur. Upon weighing these conflicting scenarios, the court determines that discovery should proceed as follows:

(1) Fact Discovery. The parties shall complete fact discovery on or before December 10, 2004. The requirements for disclosure in RCFC 26(a), the limitations on the number of depositions in RCFC 30(a)(2)(A), and the limitations on the number of interrogatories in RCFC 33(a) shall not apply.

(2) Expert Witnesses. The parties shall exchange expert witness reports on or before December 17, 2004. The parties shall conduct expert witness depositions on or before March 18, 2005. The parties shall exchange responsive expert witness reports on or before April 29, 2005. The parties shall conduct responsive expert witness depositions on or before June 17, 2005.

On or before June 24, 2005, the parties shall arrange a status conference with the court to address further proceedings.

Should the Federal Circuit permit the interlocutory appeals in the Hermes or Tesoro case under 28 U.S.C. § 1292(b) (stating that "[t]he Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order"), the parties shall schedule a status conference with the court to address that development.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge