IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NAVAJO REFINING COMPANY, L.P., | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| MONTANA REFINING COMPANY, a Partnership, | ) | No. 02-1220C (Judge Hewitt) |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION TO PARTIALLY LIFT STAY**
**FOR ENTRY OF PROTECTIVE ORDER**

Plaintiffs, Navajo Refining Company, L.P. ("Navajo Refining"), and Montana Refining Company, a Partnership ("Montana Refining"), referred to collectively as "Plaintiffs," and Defendant, the United States, respectfully request that the Court partially lift the stay in this case for the purpose of entering the Protective Order attached hereto as Exhibit 1.[1]

On May 18, 2004, the Court stayed this case pending the Federal Circuit's consideration of the interlocutory appeals in *Tesoro Hawaii Corporation v. United States*, 58 Fed. Cl. 65 (2003), and *Hermes Consolidated, Incorporated v. United States*, 58 Fed. Cl. 409 (2003). At the same time, the Court ordered the defendant to respond to the discovery requests propounded by the Plaintiffs on February 3, 2004. As a part of its response to those discovery requests, the

[1] The attached Protective Order is substantially identical to the protective order approved by the Court on July 7, 2003, in the similarly-situated case of *La Gloria Oil and Gas Company v. The United States,* No. 02-465C, with the exception of the addition of paragraph 12 to the Order. That paragraph has been added to be consistent with language in the protective order entered in the case of *Sunoco, Inc. and Puerto Rico Sun Oil Company v. The United States*, No. 02-466C. The addition of paragraph 12 to the Order here will result in a more consistent set of protective orders with which the parties must comply.

Defendant is producing a number of documents which contain confidential or proprietary information, and thus entry of a protective order at this time is necessary to facilitate production of those documents.

RCFC 26(c) provides that, for good cause shown, a protective order may be entered to prevent disclosure of "a trade secret or other confidential research, development, or commercial information . . . ." The parties agree that the attached Protective Order is necessary to prevent disclosure of the parties' confidential or proprietary information that will be sought during discovery. Information in this category includes government source selection information and information related to Plaintiffs' competitive decision making. The parties agree that they have an interest in preventing dissemination of these and other sensitive materials outside this litigation, and the proposed Order places certain restrictions on the use of documents designated by a party as "Confidential" that will ensure such protection.

Although the attached Order provides adequate protection for what is likely to be the majority of documents produced in this litigation, Plaintiffs separately submit that it may be necessary at a later time to seek additional protection for some categories of highly sensitive information that may not be appropriate for general circulation within several government agencies. However, because it is not clear at this time what specific information Defendant may seek during discovery, and because it is not clear what agreements the parties may be able to reach concerning such information, the parties reserve the right to seek to modify the Protective Order in the future.

Respectfully submitted,

s/J. Keith Burt
J. Keith Burt
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3208 (Phone)
(202) 263-5308 (Fax)

Attorneys for Plaintiffs
Navajo Refining Company, L.P. and
Montana Refining Company, a Partnership

*Of Counsel:*

Adrian L. Steel, Jr.
William C. Paxton
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, DC 20006

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Steven J. Gillingham
STEVEN J. GILLINGHAM
Senior Trial Counsel
KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L St., N.W., 8th Floor
Washington, D.C. 20530
(202) 616-2311 (Phone)
(202) 353-7988 (Fax)

Attorneys for the United States

*Of Counsel:*

BERNARD A. DUVAL
Counsel
HOWARD M. KAUFER
Assistant Counsel
Office of General Counsel
Defense Energy Support Center
Ft. Belvoir, VA 22060

December 2, 2004

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NAVAJO REFINING COMPANY, L.P.,<br><br>and<br><br>MONTANA REFINING COMPANY,<br>a Partnership,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 02-1220C<br>(Judge Hewitt) |

**PROTECTIVE ORDER**

Pursuant to RCFC 26(c), and upon the joint motion of Plaintiffs Navajo Refining Company, L.P. ("Navajo Refining"), and Montana Refining Company, a Partnership ("Montana Refining"), referred to collectively as "Plaintiffs," and Defendant, the United States, this Court hereby finds that there is good cause for the entry of this Order, and hereby ORDERS:

1. Plaintiffs, the United States, and any third party that objects to making discovery except pursuant to a Protective Order shall have the right to designate as confidential any document (as that term is defined in the Rules of the Court of Federal Claims) or other tangible items relevant to this litigation, including without limitation answers to interrogatories, responses to requests for admission, and any portion of deposition testimony or other testimony by any witness (collectively, "confidential material"), which contains or discloses (a) such party's or such person's confidential business information, trade secrets, or sensitive proprietary commercial, financial or research information which has not been released into the public domain, or (b) information the confidentiality of which the party making discovery is under a legal duty to protect.

2. Any document or other tangible item which a party or a third party claims is confidential and subject to the terms of this Order must be designated as such by conspicuously stamping the word "CONFIDENTIAL" on each page, or, in the case of deposition transcripts, by designating the transcript (or portions thereof) confidential on the record or by a letter to all counsel of record within 15 days of receiving the transcript.

3. The parties shall treat a deposition transcript as confidential until the 15-day period lapses, and thereafter shall treat the transcript in accordance with the provisions of this Protective Order.

4. Materials marked "CONFIDENTIAL" shall be used solely for the purposes of this litigation and not for any other business, personal, or other purpose whatsoever. Materials marked "CONFIDENTIAL" shall be disclosed only to the following individuals, in accordance with the terms of this paragraph, unless this Protective Order is modified by further Order of the Court: (a) the Judge assigned to this case and other court personnel, including court reporters assigned to take testimony at any deposition, hearing or trial in this case; (b) counsel of record for Plaintiffs and the United States, the attorneys at the Defense Energy Support Center ("DESC") and Defense Logistics Agency ("DLA") assigned to work on the case, in-house counsel for Plaintiffs, and other attorneys, paralegals, secretaries, or other clerical personnel assisting any of the foregoing individuals in the prosecution or defense of this case;
(c) designated employees of the parties assisting with the prosecution or defense of this case; (d) any experts or consultants engaged by the parties or their counsel to assist in the prosecution or defense of this case, and clerical personnel assigned to assist such experts or consultants; (e) any person who was involved in the preparation of the document or information or who received a

copy thereof; (f) a deponent solely for purposes of the deposition; and (g) any other person whom the Court may later deem to be entitled to view such confidential material.

5. It shall be the responsibility of counsel to bring this Protective Order to the attention of all persons identified in paragraph 4 above, to whom they disclose confidential material, and to advise such persons that they are bound by the terms of this Protective Order. Persons to whom confidential material are made available shall agree to be bound by the restrictions in this Protective Order and (other than the Court, Court personnel, and court reporters) shall execute an agreement in the form of the confidentiality agreement attached hereto as Exhibit "A."

6. If an objection to a designation of material as confidential is made, counsel for the objecting party shall set forth the objection in writing to counsel for the designating party and, thereafter, such counsel and designating party shall meet and confer as soon as practicable in a good faith effort to resolve the dispute. In the absence of resolution, the objecting party may, as soon as practicable after the meeting and conference, file a motion to remove the confidential designation. Pending resolution of the motion, the material in controversy shall be treated as if it bears the confidential classification sought by the designating party, except as required by the Court and agreed upon in writing by the parties. This paragraph in no way changes the burden of proof on the parties under existing case law with respect to the confidentiality of documents.

7. No document (including motions, briefs, depositions and exhibits) containing confidential material shall be filed with the Court unless filed separately under seal in an envelope with a legend on the envelope and documents substantial as follows:

> This envelope/document contains confidential information. Disclosure or use of such information is restricted. This document is filed under seal. Such documents shall be filed under seal and maintained under seal by the Court. Counsel of record who

receive protected documents and information are responsible for abiding by the terms of the applicable protective order.

8. Within 60 calendar days after the conclusion of this litigation, all material designated as confidential and all copies thereof shall be returned to the producing party, along with a certification by the returning party that all copies (except those submitted to the Court) have been returned. Each party shall be entitled to retain one copy of any confidential material contained in pleadings (and attachments thereto), trial exhibits and transcripts. The limitations on disclosure contained in this Protective Order shall continue to apply to such retained materials.

9. Nothing in this order shall be construed to preclude or limit any party from opposing any discovery or claiming any privilege on any ground that would otherwise be available, nor shall production of any documents or information pursuant to this order be referred to or construed as an admission that the documents or information so produced are relevant or admissible into evidence in this case.

10. Nothing in this Order shall restrict a party from making use of confidential material produced by that party.

11. In the event any confidential material is used in any court proceeding, it shall not lose its protected status through such use. The parties shall take all steps reasonably required to protect confidential material during such use, but the parties acknowledge that the use of such material during the trial of this case shall be governed by such procedures as the Court shall order.

12. The limitations on disclosure contained in this Protective Order shall continue to apply to such retained materials. Confidential material retained by the Court will be deemed to lose its confidential status after a period of five years has elapsed from issuance of final

judgment in this case. Within 60 days after the entry of a final judgment, any party owning confidential material may file a motion seeking to extend the time in which the material will be treated as confidential under the terms of the protective order or seeking to withdraw the material from the record.

IT IS SO ORDERED.

______________________________
EMILY C. HEWITT
Judge, U.S. Court of Federal Claims

**EXHIBIT A**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NAVAJO REFINING COMPANY, L.P.,<br><br>and<br><br>MONTANA REFINING COMPANY,<br>a Partnership,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 02-1220C<br>(Judge Hewitt) |

DECLARATION OF ______________________

STATE OF _________________ )
)
COUNTY OF _______________ )

1. My name is ___________________________________.

2. My present employer is ______________________________________________

_____________________________________________________________________.

3. My present occupation or job description is ______________________________

_____________________________________________________________________.

4. I have received a copy of the Protective Order issued in connection with the above-captioned matter.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will hold all confidential documents and information and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such documents or information to

anyone not specifically entitled to access under the Protective Order, and will use the documents and information solely for purposes of this litigation, except as provided by the Protective Order.

8. At the conclusion of this litigation, I will return all originals of all protected documents and information and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

______________________________

DATED: __________________________